UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISE RENOVATION CORP.,<br><br>                                            Plaintiff,<br><br>                         - against -<br><br>WW PARKWAY, LLC, THE GLC GROUP, L.L.C.,<br>THE MAYFAIR CONDOMINIUM ASSOCIATION,<br>INC., and PINMARK CONTRACTING CO., LLC,<br><br>                                            Defendants. | Docket No. 08 CV 03379<br>(DC)(KNF)<br><br><br>**COMPLAINT**<br><br>Jury Trial: ☒ Yes ☐ No |

The plaintiff by its undersigned attorney complaining of the defendants alleges as follows:

<u>*Parties*</u>

1.  At all times hereinafter mentioned, the plaintiff, Precise Renovation Corp., ("Precise") was and still is a New York corporation, having its principal place of business at 4951 Broadway, New York, New York.

2.  At all times hereinafter mentioned, defendant WW Parkway, LLC, ("WW Parkway") was and still is a New Jersey limited liability company having its principal place of business at 22 Ball Street, Irvington, New Jersey.  Upon information and belief, in addition to its own name, at all times hereinafter mentioned, WW Parkway, LLC, has done business under the names WW Parkway Drive, LLC, WW Parkway Drive Associates, LLC, WWW Parkway Drive Associates, LLC, and WWW Parkway, LLC, none of which are registered limited liability companies in New Jersey or New York.

3.  At all times hereinafter mentioned, defendant The GLC Group, L.L.C.,

1

("GLC") was and still is a New Jersey limited liability company having its principal place of business at 22 Ball Street, Irvington, New Jersey.

4.   At all times hereinafter mentioned, defendant The Mayfair Condominium Association, Inc., ("Mayfair") was and still is a New Jersey corporation having its principal place of business at 60 Parkway Drive, East Orange, New Jersey.

5.   At all times hereinafter mentioned, defendant Pinmark Contracting Co., LLC, ("Pinmark") was and still is a limited liability company having its principal place of business at 22 Ball Street, Irvington, New Jersey.

6.   Upon information and belief, at all times hereinafter mentioned, defendants WW Parkway, GLC and Pinmark had the same or common owners and conducted business from the same or common offices at 22 Ball Street in Irvington, New Jersey.

*Jurisdiction and Venue*

7.   This Court has jurisdiction based upon 28 U.S.C. § 1322(a), diversity of citizenship, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

8.   Venue in this District is proper pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this District.

*Parties*

9.   Precise is an exterior renovation contractor.

10.   Upon information and belief, GLC is in the business of renewing and developing properties located in urban and underdeveloped areas in New York, New Jersey, Maryland, Pennsylvania, Florida, and the District of Columbia.

2

11.  Upon information and belief, WW Parkway is a company created by GLC or its owners to hold title to a property at 60 Parkway Drive, in East Orange, New Jersey, that GLC renewed and developed.

12.  Upon information and belief, Pinmark provides construction management services exclusively for GLC.

13.  Upon information and belief, Mayfair is a condominium association created for the buyers of condominiums 60 Parkway Drive, in East Orange, New Jersey.

<u>CLAIM</u>

14.  In early 2005, a representative of GLC telephoned Precise in New York and asked it to bid on the exterior renovation portion of an apartment building rehabilation project at 60 Parkway Drive, in East Orange, New Jersey.

15.  On or about April 8, 2005, WW Parkway forwarded to Precise in New York information detailing the scope of work for the exterior renovation.

16.  In response to the April 8, 2005, scope of work, Precise sent from New York to GLC its bid.

17.  On April 14, 2005, Pinmark forwarded to Precise in New York an addendum to the scope of work.

18.  As a result of the April 14 addendum, on April 14, 2005, Precise sent from New York to GLC a revised bid.  The revised bid was in the lump sum amount of $825,440.

19.  On May 4, 2005, by correspondence sent to Precise in New York, Pinmark asked Precise to submit another revised bid based on changes to the scope of work contained in a

3

second addendum.

20. On or about June 8, 2005, Pinmark asked Precise to revise again is bid based on changes to the scope of work contained in a third addendum.

21. On June 10, 2005, Precise forward from New York to GLC its pricing for the changes contained in the second and third addendums.

22. Subsequently, Precise and GLC negotiated the terms and the price of a contract in telephone conversations with Precise in New York and GLC in New Jersey.

23. On June 22, 2005, Precise forwarded from New York its final proposal to do the work, which was at a negotiated lump sum price of $800,000.

24. GLC accepted Precise's proposal.

25. On or after June 27, 2005, Precise submitted to GLC by correspondence from New York its first requisition for payment. The requisition was for work that Precise had performed in New York in preparation for starting work at the work site, and for materials and equipment Precise had arranged from New York to be supplied to the work site. The requisition was in the amount of $80,000.

26. GLC paid the requisition by check dated July 11, 2005.

27. On July 14, 2005, the defendants asked Precise to sign a contract with Pinmark titled "Subcontractor Work Order," as a substitution for the contract formed by GLC's acceptance of Precise's proposal (hereinafter referred to as the "substituted contract"). The lump sum price of $800,000 was retained.

28. The substituted contract, while styled as a subcontract, states that Pinmark is contracting as "the Owner's agent and representative." The contract does not expressly identify

4

the owner for whom Pinmark is contracting.

29. The contract provides that "WW Parkway Drive Assoc., LLC and/or Mayfair Condo Assoc." will be paying Precise's invoices under the contract. The contract is printed on the letterhead of another purported entity, "WW Parkway Drive., LLC." The contract requires that Precise name as additional insured on certain required insurances another purported entity, "WW Parkway Drive LLC," as well as Mayfair and Pinmark.

30. After the substituted contract was entered into, representatives of the defendants came to New York and met with a representative of Precise for the purpose of deciding on the brick to be used for the project.

31. Precise performed substantial work, labor and services, and furnished substantial materials and equipment pursuant to the substituted contract.

32. While performing its work and furnishing materials, plaintiff was directed by the defendant owners to perform extra and additional work and to furnish extra and additional materials of an agreed upon price and fair and reasonable value of $44,850.

33. By letter sent by certified mail to Precise in New York on August 15, 2005, before Precise had completed its work, the defendants, on the letterhead of "WW Parkway Drive Assoc. LLC," wrongfully, and without any lawful ground, terminated the substituted contract, thereby breaching the contract (hereinafter the "termination letter").

34. At the time of the termination of the substituted contract, Precise had performed nearly $122,000 of the contract amount.

35. At the time of the termination of the substituted contract, of the nearly $122,000 of the contract amount performed, over 50% of that amount had been performed in

New York.

36.  During the course of its performance, Precise subcontracted the labor portion of its contract to Valle Construction Co., Inc. ("Valle").

37.  Upon information and belief, prior to the defendants' mailing of the termination letter, the defendants asked for a proposal from Valle to take over Precise's contract.

38.  Upon information and belief, Valle delivered its proposal on the day of and prior to the defendants' mailing of the termination letter.

39.  Upon information and belief, the day following Valle's delivery of its proposal, Valle and the defendants entered into a written contract, signed by Pinmark as agent for the owner, for Valle to complete Precise's contract ("Valle's contract").

40.  Upon information and belief, Valle's contract was entered into prior to Precise learning that its contract had been terminated.

41.  Upon information and belief, the amount of Valle's contract was $630,000, or $214,850 less that Precise's contract.

42.  Upon information and belief, after considering the amount of work Precise had performed, Valle's contract represented a savings for the defendants of nearly $95,000.

43.  By virtue of the wrongful termination of the substituted contract, Precise is entitled to breach of contract damages from the defendants measured by the adjusted contract price of $844,850, less monies paid to Precise and less Precise's costs to have completed the contract.  The amount of said damages exceeds $250,000.

WHEREFORE, the plaintiff demands judgment jointly and severally against the defendants WW Parkway, LLC, the GLC Group, L.L.C., the Mayfair Condominium Association,

Inc., and Pinmark Contracting Co., LLC, in an amount to be determined at trial but which is not less than $250,000, together with interest and costs of suit, and such other or further relief as the court may award.

Dated: New York, New York
        April 3, 2008

_____
              Scott M. Yaffe (4344)

*Attorney for the Plaintiff*
26 Broadway, Suite 2300
New York, New York 10004
(212) 742-3391

7